UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

THRISTIAN BOYKIN,

    Plaintiff,

    v.

BRIAN ENGLISH, et al.,

    Defendants.

CAUSE NO. 1:26-CV-254-JD-JEM

OPINION AND ORDER

Thristian Boykin, a prisoner without a lawyer, filed a complaint raising allegations about the conditions of his confinement at the Miami Correctional Facility. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Boykin alleges he is required to wait up to seven days between showers. Limiting inmates to weekly showers does not violate the Eighth Amendment. *Jaos v. Ill. Dep't of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012). Boykin alleges he has scabies. Scabies is not caused by infrequent bathing, it "is caused by the human itch mite (*Sarcoptes scabiei* var. *hominis*). The microscopic scabies mite burrows into the upper

layer of the skin where it lives and lays its eggs." U.S. Centers for Disease Control and Prevention, *Scabies,* https://www.cdc.gov/scabies/about/index.html. Boykin sues eight non-medical staff. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This complaint provides no information about what any of the defendants knew about his scabies. It does not plausibly allege any of them were deliberately indifferent.

Boykin alleges he has been denied any physical activity outside of his cell for four months. "Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015) *quoting Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). Boykin alleges he has lost a large amount of muscle

mass and is weak and feeble. What he has not done is allege how any of the defendants know about his deteriorating health or how any of them are responsible for his being denied time out of his cell. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Boykin alleges Kelcie Williams had him brought to her office (where there were no cameras) on July 8, 2026, and yelled at him. "[W]hile unprofessional and deplorable, [being rude] does not violate the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). He alleges she issued him a false conduct report, but does identify the charges, why they are false, or whether he lost any earned credit time. He alleges she grabbed his arm, jerked him out of his chair, and drug him back to his cell while threatening to spray him with a chemical agent. He does not say what if any injury he suffered as a result. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *Hudson v. McMillian* , 503 U.S. 1, 9-10 (1992) (citations and quotation marks omitted). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989), *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (1973).

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Boykin believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

4

library. He needs to write the word "Amended" on the first page above the title

"Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Thristian Boykin until **September 2, 2026**, to file an amended

complaint; and

(2) CAUTIONS Thristian Boykin if he does not respond by the deadline, this case

will be dismissed under 28 U.S.C. § 1915A without further notice because the current

complaint does not state a claim for which relief can be granted.

SO ORDERED on July 30, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

5